BAKER, JUDGE:
On or about November 4, 1985, along the Dry Fork River in an area known as Gladwin, Tucker County, significant flooding occurred. What is commonly described as the “Jenningston Road” was severely damaged by the flood and required major repair. The respondent, in order to effect repairs to the road, needed rock and topsoil. These materials were not readily available. Due to the urgency of the situation, respondent requested that claimant allow rock and topsoil to be removed from his property for the repairs to the road. An estimated 40 to 50 truck loads of rock and topsoil were allegedly removed by respondent from four to five acres of claimant’s property. Shortly after repairs were made to the road, a landslide occurred in the Gladwin area. Respondent then requested that claimant provide a waste area for deposit of the landslide material. Claimant agreed to the creation of a waste area with the understanding that respondent would contour, grade, and seed the previously excavated fill area utilizing the landslide waste.
Prior to the flooding, claimant asserts that the four of his property involved in this matter was a meadow used for growing hay. As a result of the placement of waste material in this
meadow, it is no longer suitable for the production of hay. Claimant alleges that rocks and weeds now flourish where the meadow once existed.
In the spring of 1986, as Kanawha Stone, a contractor for respondent, was finishing up its work, it attempted to rough-grade claimant’s property, but a rain of several days’ duration made the site too muddy for its heavy equipment to work. Kanawha Stone moved off the job, and respondent’s project supervisor and project engineer offered to let claimant do the restoration with his own equipment and to pay him through Kanawha Stone, for which he had previous done subcontract work. By occupation, claimant is a small excavation contractor principally involved *66 in constructing sewers and related facilities. He testified that he did not have adequate equipment to perform the regrading; therefore, he solicited two other contractors for estimates to perform this grading operation. The “rough grade” of his five acres and reseeding was estimated to cost $12,000.00. Both solicited bids approximated this amount.
The testimony is rather ambiguous as to what occurred after the offer to claimant in the spring of 1986. It is uncontroverted that the work has not been performed. Respondent has not initiated its own repair of this property. It further appears that a meeting between claimant and respondent’s representatives occurred in January 1987, at which time respondent requested a right of way from claimant, perhaps in exchange for re-grading and repairing the five acres.
Claimant’s counsel characterizes this matter as one involving a simple contract dispute for which services, in exchange for use of property, were to be performed. The issue of a right of way is currently before the Circuit court of Tucker County in reverse condemnation proceedings. The issue before this Court is whether a contract for the initial grading and reseeding of claimant’s five acres was ever made, and whether there was a breach of that agreement due to non-performances. The issue of the right of way and an ancillary matter concerning a culvert are excluded from the Court’s consideration, pending disposition of the action before the Tucker County Circuit Court.
This Court finds that respondent was permitted to use claimant’s land as a waste area in return for its agreement to use reshape, rough-grade and reseed it, and that respondent failed to perform. Claimant was not to have his land restored to its original condition, but he was entitled to what respondent agreed to do.
The Court has determined that claimant is entitled to a quantum merit award for restoring the land, using his own equipment, if he chooses. Testimony indicated that respondent would allow claimant five to seven days to perform the necessary work. He would be entitled to the cost of reseeding. The Court is of the opinion that he work can be performed at a cost substantially less than the estimates $12,000.00. The Court is of the opinion that the amount of $5,900.00 is fair and reasonable compensation.
In accordance with the above, the Court makes an award to claimant in the amount of $5,900.00.
Award of $5,900.00.